UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADOM L. DANIELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-768 RM |
| ) | (Arising from 3:03-CR-22(01)RM) |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

OPINION and ORDER

Mr. Adom L. Daniels filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. For the following reasons, the court denies the petition.

Section 28 U.S.C. § 2255 states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations began running in this case 90 days after June 2, 2004, when the court of appeals issued its judgment affirming Mr. Daniels's

conviction and sentence.[1] Clay v. United States, 537 U.S. 522, 525 (2003). Thus, for Mr. Daniels's petition to be timely he would have had to file it with the Clerk in September 2005, but Mr. Daniels didn't file his § 2255 petition until December 2005. The only proffered reason for Mr. Daniels's untimely filing is that he first mailed his petition to the United States Attorney's Office sometime in September 2005, and that office did not forward the petition on to the Clerk in a timely fashion. Mr. Daniels hasn't provided any evidence that he sent the petition to the that office, or that the United States Attorney's office has any obligation to file Mr. Daniels's petition for him.

Mr. Daniels makes reference that because his § 2255 petition relies heavily on Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the interests of justice should excuse his late filing so the court can reach the merits of his petition. Neither Blakely nor Booker apply to Mr. Daniels's case. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) (""We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely*, came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines,

---

[1] SUP. CT. R. 13.1 reads: "[u]nless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed . . . within 90 days after entry of judgment."

2

so *Booker* itself represents the establishment of a new rule about the federal system.").

Mr. Daniels filed his § 2255 petition beyond the one-year time frame allowed by law, and because there is no legal ground to excuse him from that strict requirement, § 2255's one-year statute of limitations precludes proceeding on the merits of the petition. It must therefore be DENIED [Doc. No. 135 in Cause No. 3:03-CR-022].

SO ORDERED.

ENTERED:  August 18, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc: A. Daniels
W. Grimmer

3